**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JUAN MARTINEZ-SANTIAGO,

Petitioner,

v. No. 2:26-cv-002134-SMD-JHR

TODD BLANCHE, *et al*.,

Respondents.

**ORDER DENYING RESPONDENTS' EMERGENCY MOTION TO LIFT ORDER ENJOINING TRANSFER**

**THIS MATTER** is before the Court on Respondents' Emergency Motion to Lift Order Enjoining Transfer ("Emergency Motion"), filed October 1, 2026. Doc. 9. Petitioner filed his response to the Emergency Motion on October 5, 2026, Doc. 11, in compliance with the Court's October 2, 2026 order. The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons below, Respondents' Emergency Motion is **DENIED**.

**DISCUSSION**

Petitioner Juan Martinez-Santiago, a 41-year-old Mexican citizen, entered the United States without inspection in or about June 2003. Petitioner was not apprehended at or near the border at that time and has since lived in the United States for approximately 23 years. Doc. 1 ¶ 1. On or about December 5, 2025, local police stopped Petitioner in Florida for driving without a license. *Id.* ¶ 20. Immigration and Customs Enforcement ("ICE") detained him on the same day in Pompano, Florida and subsequently transferred him to the Otero County Processing Center in Chaparral, New Mexico, where he remains in custody. *Id.*

On March 12, 2026, an immigration judge ("IJ") denied Petitioner's application for cancellation of removal. *Id.* ¶ 23. On March 18, 2026, Petitioner timely appealed that decision to

the Board of Immigration Appeals ("BIA"). *Id.* ¶ 24. While his BIA appeal was still pending, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on July 2, 2026.

On October 1, 2026, Respondents filed the Emergency Motion to lift the Court's July 14, 2026 order, which prohibits the government from transferring or removing Petitioner from the District of New Mexico while this case is pending. *See* Doc. 4. Respondents contend that because BIA dismissed Petitioner's appeal on September 23, 2026, his removal order is now final. Doc. 9-1 ("Maldonado Decl.") ¶ 4. Respondents further assert that Petitioner's departure is scheduled for the week of October 5, 2026. Doc. 9 at 1. They allege that because these plans are complex and require time to coordinate, any failure by the Court to expeditiously lift the stay will result in significant delays. *Id.* at 1–2.

On October 5, 2026, Petitioner filed his response in opposition to Respondents' Emergency Motion. Doc. 11. Petitioner notes that following BIA's September 23, 2026 dismissal of his appeal, he filed a petition for review and an emergency motion to stay removal in the Eleventh Circuit, captioned *Martinez-Santiago v. U.S. Att'y Gen.*, No. 26-13497 (11th Cir. Sept. 28, 2026). *Id.* at 1. Petitioner argues that this Court should preserve the status quo until the Eleventh Circuit rules on his pending stay motion. *Id.* at 2. Petitioner emphasizes that he does not ask this Court to decide the merits of the final removal order, but rather to leave its existing order in place for the brief period necessary for the Eleventh Circuit to act.

The balance of equities and judicial economy weigh in favor of preserving the status quo until the Eleventh Circuit rules on Petitioner's motion for a stay of removal. Because Petitioner filed his appeal just one week ago on September 28, 2026, lifting the current stay risks removing

Petitioner prematurely before the circuit court has a meaningful opportunity to evaluate the merits of the pending motion to stay.

## CONCLUSION

Respondents' Emergency Motion is **DENIED**, and the Court's July 14, 2026 stay, which prohibits the government from transferring or removing Petitioner from the District of New Mexico while this case is pending, remains in effect. Respondents may renew their motion to lift the stay if the Eleventh Circuit denies Petitioner's pending motion to stay removal.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**